IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CARL P. ASHWORTH                                                                                        PLAINTIFF

v.                                           Civil No. 13-5132

NURSE RHONDA BRADLEY,
Washington County Detention Center;
and DR. HOWARD, Washington
County Detention Center                                                                                 DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis* (IFP).

The case is before me on a motion to dismiss (Doc. 13) filed by the Defendants. Plaintiff filed a response to the motion (Doc. 20). Also pending before the Court is a motion to amend the complaint (Doc. 23).

**1. Background**

According to the allegations of the complaint, Plaintiff had been diagnosed with epididymitis[1] at the University of Arkansas for Medical Sciences (UAMS). On April 4, 2013, April 24th, and April 30th, Plaintiff was seen by Dr. Howard. Dr. Howard's opinion was that Plaintiff did not have epididymitis. Plaintiff was prescribed Ibuprofen and antibiotics but asserts that they were not working. At the April 30th appointment, Plaintiff states he was told an appointment would be scheduled with a urologist.

---

[1] Epididymitis is swelling (inflammation) of the epididymis, the tube that connects the testicle with the vas deferens." http://www.nlm.nih.gov/medlineplus/ency/article/001279.htm (accessed July 30, 2014).

AO72A
(Rev. 8/82)

On May 23rd and May 24th, Plaintiff put in requests because he had not heard anything about his appointment and the pain medication was not working. Plaintiff indicated he believed they were procrastinating. In response, he was told they had to call and fax the paperwork and then get the appointment. On May 27th, he submitted another grievance about this situation.

On June 1st, Plaintiff was informed that an appointment had been made. On June 16th, he was seen by Dr. Childs at Ozark Urology and diagnosed with epididymitis, prescribed antibiotics and Ibuprofen, and was scheduled for another appointment in two months. As relief, Plaintiff seeks compensatory damages for pain and suffering caused by Dr. Howard's misdiagnosis.

Because Plaintiff indicated he was suing the Defendants only in their official capacities, he was asked to complete an addendum. In the addendum (Doc. 7), Plaintiff indicated he did not contend Washington County had an unconstitutional policy or custom (Doc. 7 at ¶¶ 1-3). With respect to Nurse Bradley, he indicated again that he was suing her in her official capacity only. (Doc. 7 at ¶ 3(A)). He indicates she did not schedule his appointment with the urologist quickly enough. *Id.* With respect to Dr. Howard, Plaintiff indicates he is asserting both an official capacity and an individual capacity claim. *Id.* at ¶ 3(B). Plaintiff alleges that Dr. Howard failed to properly diagnosed the Plaintiff and failed to obtain the records that would have verified the diagnoses of epididymitis. *Id.* at ¶ 3(B).

**2. Applicable Standard**

Rule 8(a) of the Federal Rules of Civil Procedure contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a

AO72A
(Rev. 8/82)

motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009)(quoting *Ashcroft v. Iqbal*,556 U.S. 662, 678 (2009)).

"The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'" *Braden*, 588 F.3d at 594 (*quoting Iqbal*, 556 U.S. at 678). The standard does "not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation," or reasonable inference, that the "defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)(While pro se complaints are liberally construed, they must allege sufficient facts to support the claims.).

### 3. Discussion

Defendants move to dismiss the official capacity claims on the grounds that Plaintiff has not alleged the existence of an unconstitutional custom or policy. In fact, they note the Plaintiff has affirmatively stated that he is not claiming that Washington County had an unconstitutional custom or policy. Next, Defendants state no individual capacity claim is stated against Dr. Howard. Finally, they note that no individual capacity claim has been asserted against Nurse Bradley.

### *Official Capacity Claims*

"A suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.* 176 F.3d 531, 535 (8th Cir. 1999). "[A] municipality cannot be held liable on a respondeat superior theory, that is, solely because

it employs a tortfeasor." *Atkinson v. City of Mountain View*, 709 F.3d 1201, 1214 (8th Cir. 2013). "A municipality can be liable under § 1983 only if a municipal policy or custom caused a plaintiff to be deprived of a federal right." *Alexander v. Hedback*, 718 F.3d 762, 766 (8th Cir. 2013)(citation omitted).

Here, review of the complaint (Doc. 1) and the addendum (Doc. 7), result in the conclusion that no official policy claim is stated. Plaintiff specifically stated in the addendum (Doc. 7) that he did not contend that Washington County had an unconstitutional policy or custom. (Doc. 7 at ¶¶ 1-2). He also, in both the complaint and the addendum, indicated he was bringing only official capacity claims against Nurse Rhonda Bradley. *Id.* at ¶ 3(A). In the motion to amend (Doc. 23), Plaintiff states he wants to assert an individual capacity claim against Nurse Bradley.

However, as noted above, Plaintiff has filed a motion to amend his complaint. In the motion, he states he indicates he wants to amend the complaint to assert a claim that Washington County has an unconstitutional custom of allowing its medical staff to ignore previous diagnoses and medical treatment and to fail to obtain medical records.

### *Individual Capacity Claims*

"Individual capacity claims are those which allege personal liability for individual actions by officials in the course of their duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense." *Gorman v. Bartch*, 152 F.3d 907, 914 (8th Cir. 1998)(citation omitted). Plaintiff has asserted an individual capacity claim against Dr. Howard. Specifically, Plaintiff alleges he misdiagnosed. Further, Plaintiff alleges that despite having been

told the condition had been previously diagnosed, Dr. Howard failed to obtain the medical records which would have shown the diagnosis.

The Court of Appeals for the Eighth Circuit applies the deliberate indifference standard to claims brought both by pretrial detainees and by convicted inmates. *Fourte v. Faulkner County*, 746 F.3d 384, 387 (8th Cir. 2014). Application of the deliberate indifference standard requires both an objective and subjective analysis.

> Under the objective prong, [Plaintiff] must establish that he suffered from an objectively serious medical need. To be objectively serious, a medical need must have been diagnosed by a physician as requiring treatment or must be so obvious that even a layperson would easily recognize the necessity for a doctor's attention. Under the subjective prong, [Plaintiff] must show that an official actually knew of but deliberately disregarded his serious medical need. This showing requires a mental state akin to criminal recklessness. Consequently, [Plaintiff] must show more than negligence, more even than gross negligence to evince deliberate indifference. Merely demonstrating that a prison doctor committed medical malpractice is insufficient to establish deliberate indifference. An inmate must demonstrate that a prison doctor's actions were so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care.

*Jackson v. Buckman*, 2014 WL 2898459, *3 (8th Cir. June 27, 2014)(internal quotation marks and citations omitted).

"Negligent misdiagnosis does not create a cognizable claim under § 1983." *McRaven v. Sanders*, 577 F.3d 974, 982 (8th Cir. 2009). "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, in this case Plaintiff has alleged he was treated for the same condition multiple times and each resulted in a different diagnosis; Plaintiff maintains that this coupled with Dr. Howard's failure to obtain Plaintiff's medical records constitutes deliberate indifference. I believe there is a plausible claim stated that Dr. Howard acted with deliberate

indifference. With respect to obtaining prior medical records it has been held that the "failure of a defendant to take reasonable steps that will aid in obtaining necessary medical information can be the basis of a deliberate indifference finding, and that the harm that flows from inadequate or absent medical records is manifest." *Ramirez v. Ferguson*, 2011 WL 1157997 (W.D. Ark. March 29, 2011)(internal quotation marks and citations omitted.

### 4. Conclusion

For the reasons stated, I recommend that the Plaintiff's motion to amend (Doc. 23) be granted and the Plaintiff be given the opportunity to: (1) cure the deficiencies with respect to his official capacity claims; and (2) assert an individual capacity claim against Nurse Bradley. I further recommend that the motion to dismiss (Doc. 13) be denied as moot in light of the granting of Plaintiff's motion to amend.

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 31st day of July 2014.

/s/ *J. Marschewski*
 HON. JAMES R. MARSCHEWSKI
 CHIEF UNITED STATES MAGISTRATE JUDGE